UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JORDAN KHAN,<br><br>    Defendant. | Case No. 1:22-cr-00074-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jordan Khan's Motion for Extension of Time. Dkt. 56. No response has been filed by the Government. For the reasons outlined below, the Court finds good cause to DISMISS the motion.

## II. BACKGROUND

On March 14, 2023, Khan was sentenced to 98 months incarceration followed by 4 years of supervised release for the crime of 1 Count Unlawful Possession of a Firearm and 1 Count Possession with Intent to Distribute Fentanyl. Dkt. 40. A Judgment was also entered on that same day. Dkt. 41. Khan filed a Notice of Appeal on March 23, 2023. Dkt. 43. On August 21, 2023, the Ninth Circuit Court of Appeals dismissed the appeal (Dkt. 53) and a formal Mandate was filed on October 2, 2023 (Dkt. 54

### III. LEGAL STANDARD

Section 2255 provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

### IV. DISCUSSION

Khan contends that he mailed his 2255 Motion on May 16, 2024. However, as of today's date, nothing has been filed on the docket. Khan seeks an extension to file his § 2255 Motion but does not give a specific amount of time he is seeking. He contends that because of the lockdown of one prison, as well as a transfer to another prison, he has not been able to receive mail or have access to legal research materials. The Constitution requires prisons and jails to provide prisoners with reasonable access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). While there is no constitutionally-mandated means by

which prisons must provide access, at a minimum, prisons must provide prisoners the resources they need to "attack their sentences, directly or collaterally, and . . .. to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. Thus, to the extent Khan does not have access to sufficient materials, he should continue to work with staff at his facility to gain said access.

However, most Circuits who have been faced with the question of whether, under Article III, they can hear motions for extension of time to file § 2255 motions unless the defendant files a § 2255 motion with the motion for extension of time, have held that the federal courts lack subject matter jurisdiction. *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 739 (D. Or. 2020) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003)). Only the Third Circuit has held that district courts have jurisdiction to hear this type of motion. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). This Court is persuaded by the reasoning and consensus among most of the Circuits and holds that because Khan has not filed a § 2255 motion, the Court lacks subject matter jurisdiction to grant Khan an extension of time. That said, his time to file a § 2255 motion has not yet run. He has until October 3, 2024, to make that determination. Should he not be able to do so in that timeframe, he should file as soon as reasonably possible and include with his § 2255, a motion for extension. The Court will then have jurisdiction and can decide the matter.

MEMORANDUM DECISION AND ORDER - 3

## V. ORDER

IT IS HEREBY ORDERED that:

1. Khan's Motion for Extension of Time (Dkt. 56) is DISMISSED for lack of jurisdiction.

DATED: September 12, 2024

David C. Nye
Chief U.S. District Court Judge