UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORDAN KHAN,<br><br>　　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 1:25-cv-00006-DCN<br>　　　　　1:22-cr-00074-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Jordan Khan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1; CR-74, Dkt. 58.[1] The Government opposes Khan's Petition. Dkt. 5. Khan has replied (Dkt. 6) and the matter is ripe for review.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Khan's Petition.

---

[1] In this Order, "CR-74" is used when citing to the criminal record in Case No. 1:22-cr-000074-DCN; all other references are to the instant civil case.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On April 13, 2022, Khan was indicted by a federal grand jury on one count of 18 U.S.C. § 922(g)(1), unlawful possession of a firearm. Khan was arrested and pleaded not guilty before Magistrate Judge Debora K. Grasham, who set Khan's trial for June 21, 2022. CR-74, Dkts. 8, 10. The Court appointed Jay Kiiha as counsel. Khan subsequently pleaded guilty to count one, unlawful possession of a firearm, and count three, possession with the intent to distribute fentanyl, of the Superseding Information. CR-74, Dkts. 19, 20.

As part of his plea agreement Khan admitted to the unlawful possession of a Smith & Wesson .40 caliber pistol. He also admitted that 23.25 grams of lab-tested fentanyl pills were in the vicinity of the gun. Khan agreed "that the Court [could] consider 'relevant conduct' in determining a sentence pursuant USSG § 1B1.3." CR-74, Dkt. 19, at 8.

In the Presentence Investigation Report ("PSR") in this case, United States Probation recommended a two-level increase of the offense level due to Khan possessing a firearm at the time the fentanyl was seized. CR-74, Dkt. 27. Khan objected to the PSR. Dkt. 33. Among other things, Khan argued the two-level enhancement for relevant conduct was inappropriate under USSG § 2D1.1(b)(1), and that his criminal history points should be reduced pursuant to a 2021 Washington Supreme Court Ruling—*State v. Blake.*[2]

Probation responded to Khan's objections in an addendum defending their

---

[2] In *State v. Blake*, the Washington Supreme Court held that the portion of its statute—69.50.4013(1) criminalizing felony drug possession violated the due process clauses of the state and federal constitutions, and was therefore, void. 197 Wash. 2d 170, 195 (2021). The Court based this conclusion on the fact that the statute lacked an intent element, which meant that it criminalized unintentional, unknowing possession of controlled substances. *Id*. at 188. The Court did not, however, retroactively vacate all previous convictions for simple possession; it only vacated Blake's conviction.

MEMORANDUM DECISION AND ORDER - 2

assessment of the offense level noting the presence of a weapon next to the fentanyl pills was relevant conduct. The Government, in its sentencing memoranda agreed with Probation on the two-level enhancement for the firearm because both were found together in a bedside table and Khan acknowledged as much in his plea agreement.

The Government also argued that *State v. Blake* did not apply to Khan because: 1) the Washington Supreme Court's holding did not apply retroactively without the losing party appealing their case in state court; 2) Khan had not applied for such relief in Washington state Court; and 3) even if he was granted relief for that specific felony, he would still have received the same three criminal history points for the other two felony convictions which were part of that same case which would not have been covered by *Blake*. In short, the Government postured the sentencing guidelines would remain the same.

At sentencing, the Court overruled both of Khan's objections holding that the two-point enhancement was applicable because of the proximity of the gun and the drugs, and that it was inappropriate to speculate as to what the Washington court would do if Khan was indeed granted a resentencing. This aside, the Court stated it would take Khan's arguments into consideration during sentencing as part of its consideration of the 18 U.S.C. § 3553(a) factors. With Khan's objections overruled, the Court determined Khan's offense level was twenty-three and his criminal history category was six, resulting in a guideline sentencing range of 92 to 115 months.

The Government recommended a 108-month sentence. Khan requested a downward variance to the statutory minimum of 60 months. The Court ultimately sentenced Khan to 98 months with four years of supervised release to follow. CR-74, Dkts. 40, 41

MEMORANDUM DECISION AND ORDER - 3

Khan appealed. CR-74, Dkt. 43. The only issue Khan raised on appeal was the imposition of the two-level enhancement. The Ninth Circuit held Khan waived his right to appeal in his plea agreement and dismissed his appeal. CR-74, Dkt. 53.

On January 2, 2025, Khan filed the instant motion to vacate, set aside, or correct sentence under 18 U.S.C. § 2255. CR-74, Dkt. 58; Dkt. 1. In his Petition, Khan contends he received ineffective assistance of counsel because his attorney, Jay Kiiha, did not file a motion to suppress evidence of the weapon and because Kiiha did not object to the Government's alleged breach of the plea agreement. *See generally id.* Khan also argues that including his state offenses as part of his criminal history exceeded the Court's subject matter jurisdiction. *Id*. The Government responded to Khan's Petition on May 19, 2025. Dkt. 5. Khan filed a belated reply on August 26, 2025. The matter is, therefore, ripe for review.

### III. LEGAL STANDARD

28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Furthermore, "a district court must

MEMORANDUM DECISION AND ORDER - 4

grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). In a § 2255 motion, conclusory statements are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

Khan brings a litany of claims against his former attorney as well as various challenges against the Court. Each will be addressed in turn.

### A. Ineffective Assistance of Counsel

Khan bears the burden of showing that his lawyer's actions: 1) fell below an objectively reasonable standard, and 2) that this failure prejudiced his case. *See Strickland v. Washington*, 466 U.S. 668 (1984). If there is not a sufficient showing for one of these

MEMORANDUM DECISION AND ORDER - 5

prongs, the court need not evaluate the other. *Id*.

The Supreme Court has laid out the standards for judging attorney incompetence. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Courts are to work under a "strong presumption" that counsel was adequate since there is a "wide range of reasonable professional assistance." *Id*. "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id*. at 693. Strategic decisions of this kind are "virtually unchallengeable." *Id*. at 690. If it were otherwise it would be too easy to "second-guess counsel's assistance" after an unfavorable sentence. *Id*. at 689. Counsel can only be considered ineffective if the competence of the attorney was so compromised that it fell out of the range of reasonable assistance, and that that breach of duty so prejudiced a case that a set of facts which could have gone one way went the other. The standard is not what a better attorney might have done, or even what is "prudent or appropriate," but "what is constitutionally compelled." *Burger v. Kemp,* 483 U.S. 776, 794 (1987).

The Ninth Circuit has similarly held that the question is not "what the best lawyers would have done," or "even what most good lawyers would have done," but simply whether "some reasonable lawyer could have acted in the circumstances, as defense counsel acted . . . ." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd. on other grounds*, 525 U.S. 141 (1998) (cleaned up).

Khan's allegations fall short of meeting this standard. His allegations are not supported by the evidence. His claim is dismissed for the reasons set forth below.

1. *Counsel's Failure to File a Motion to Suppress.*

Khan first argues Kiiha was ineffective because he did not file a motion to suppress. To succeed in his claim, Khan must show Kiiha's failure to file a motion to suppress fell below an objective standard of reasonableness or that the decision was one which a reasonable attorney would not have made, and further, that this failure was sufficient to sway the outcome of his case. See *Strickland*, 466 U.S. at 677. The Court finds Khan has not carried his burden on either prong.

Khan's attorney considered filing a motion to suppress but decided it would be exercise in futility. Dkt. 5-1, at 3 n.1. Such a decision was reasonable considering the evidence in the case. First, law enforcement served an arrest warrant at Khan's home and discovered the firearm and fentanyl pills in plain view. Second, the police seized the items and Khan's fingerprints were discovered on the weapon. Khan's contention that this evidence could have been suppressed because the police had an arrest warrant rather than a search warrant is meritless because the plain view doctrine applies equally to arrest warrants and search warrants. *Arizona v. Hicks*, 480 U.S. 321 (1987).

Even if the arrest warrant had not provided sufficient basis for the preservation of this evidence, the police had, by Khan's own admission in the plea agreement, a lawful basis for the search pursuant to the terms of his then-girlfriend's probation. CR-74, Dkt. 19, at 4–5. Thus, filing a motion to suppress would have be futile and Kiiha's decision *not* to file such a motion and waste time and resource did not constitute ineffective assistance of counsel. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (explaining that the "failure to raise a meritless argument does not constitute ineffective assistance").

MEMORANDUM DECISION AND ORDER - 7

Kiiha made clear the risks of filing a motion to suppress rather than accepting the Government's plea offer. Dkt. 5-1, at 3–4. He reviewed the evidence with Khan and what that meant for his case. *Id*. Rejecting the plea offer and filing a motion to suppress in this case carried several risks including the Government changing its plea offer to consecutive mandatory minimum sentences. Dkt. 5, at 10. Kiiha's counsel to Khan was strategic and therefore "virtually unchallengeable." *Strickland,* 466 U.S. at 690.

Kiiha reasoned that because the evidence was obtained lawfully and because his client's fingerprints were recovered from the weapon, it would have been pointless to file a motion to suppress. In this judgement he acted within the standard of reasonableness. His actions did not prejudice Khan's case, it likely aided it. This claim is dismissed.

2. <u>Counsel's Objection to the two-level enhancement</u>

Khan next claims Kiiha was ineffective because he did not object at sentencing to the two-level enhancement for prior criminal conduct. This claim is not supported by the facts. The record shows that Kiiha did object to both the enhancement for criminal history and asserted Khan's criminal history was inflated by the relevant conduct of having the gun next to him.

As explained, counsel is entitled to a strong presumption that his or her assistance was effective, and the petitioner must overcome that burden and persuasively show counsel fell below an objectively reasonable standard. In this case, Kiiha provided a stirring defense of his client at sentencing. CR-74, Dkt. 51. He was zealous in defending his client and made argument as to both objections outlined—for the two-level enhancement for the firearm and as to the calculation of Khan's criminal history under *State v. Blake*. That the

MEMORANDUM DECISION AND ORDER - 8

Court overruled both objections is no basis to conclude Kiiha's performance was lacking. Khan cannot show Kiiha's performance fell below an objectively reasonable standard, nor can he show that his case was prejudiced by Kiiha's behavior. This claim is summarily dismissed.

3. *Khan's Plea Agreement was not Breached*

Khan's third and final argument in support of his ineffective assistance of counsel claim is that the Government breached the plea agreement by recommending the Court apply the relevant conduct points and that Kiiha did not object. As just noted, the record flatly contradicts this assertion. The plea agreement specifically allowed for the Court to consider the relevant conduct (thus it was not breached) and Kiiha *objected* to the enhancement, nonetheless.

As has already been discussed, the relevant conduct points were appropriate in this case. Kiiha objected and was overruled. The Court will not reiterate what it has already held. As for the plea agreement argument, further analysis is helpful.

Plea agreements are contracts between the Government and the defendant. *United States v. Gonzalez-Melchor*, 648 F.3d 959, 963 (9th Cir. 2011); *see also United States v. Farias-Contreras*, 104 F.4th 22, 28 (9th Cir. 2024). Thus, contract law governs disputes related to plea agreements. *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001). When a breach is alleged, as in the instant case, the Court looks to the text of the agreement construing any ambiguities in favor of the defendant. *United States v. De la Fuente*, 8 F.3d 1333, 1338 (9th Cir. 1993).

The express language of the plea agreement states that the Government retained "the right to allocute fully at sentencing regarding any sentencing recommendation." CR-74, Dkt. 19, at 8. The Government also retained the right to "rely on or submit any information including relevant conduct . . ." *Id.* at 9. There is no ambiguity in this text. The Government was within its right under the agreement to argue for any sentence—with the support of any relevant conduct—between 92 and 115 months.

Because the contract was not breached, it was altogether fitting and proper that Kiiha did not object on the grounds that the contract had been breached, but instead made the strategic decision to object directly to the relevant issue which was if the application of the two-point enhancement was appropriate and whether Khan's criminal history had been overstated in light of the Washington Supreme Court's decision in *State v. Blake*. As already noted, the Court overruled the objections. But Kiiha's performance was not defective. For these reasons the Court finds this claim fails on the merits.

## B. The Court Correctly Exercised its Subject-Matter Jurisdiction over Khan's Criminal Charges

Finally, Khan claims the Court's inclusion of his state offenses as part of his criminal history exceeded the Court's subject matter jurisdiction. Federal courts have exclusive jurisdiction over violations of federal law. This jurisdiction runs parallel to the jurisdiction of the states. This court has subject matter jurisdiction because Khan was brought on charges of possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as well as possession with the intent to distribute fentanyl, a Schedule-1 drug, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Khan's contention that the Court's use of prior criminal

history exceeded its subject matter jurisdiction is facially incorrect. The U.S. Sentencing Guidelines include instructions to factor in relevant conduct during sentencing. *See* U.S.S.G. 1B1.3. The fact that the relevant conduct occurred in state court does not bar it from being considered here in federal court. Consideration of any and all prior criminal conduct falls squarely within the purview of the Court under the laws of the United States.

Khan has not shown that the Court exceeded its subject-matter jurisdiction in this case, therefore, Khan's Motion to Vacate Sentence on this ground is denied.

## V. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason for its decision. *Aznar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the COA but can file a notice of appeal and request a COA from the court of appeals pursuant

to Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Khan's claims all fail on the merits. No reasonable jurist would disagree with this assessment. Therefore, should Khan wish to appeal, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to vacate or remand Khan's conviction or sentence. Thus, the Petition is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED:**

1. Khan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1); CR–74 (Dkt. 58) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. The Court finds there is no need for an evidentiary hearing.

3. No certificate of appealability shall issue. Khan is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Khan files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to

the Ninth Circuit Court of Appeals.

DATED: October 29, 2025

David C. Nye
Chief U.S. District Court Judge